

**SIGNED this 25 day of May, 2005.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| IN RE | BANKR. CASE NO. |
|---|---|
| PATRICIA A. RENFRO, AND PAR CONSTRUCTION, INC. | 04-56124 AND 04-57100 JOINTLY ADMINISTERED UNDER CASE NO. 04-56124-LMC |
| *DEBTORS* | CHAPTER 7 |

**MEMORANDUM OPINION ON CHAPTER 7 TRUSTEE'S MOTION TO TURNOVER PROPERTY**

The debtor, PAR Construction, is a general contractor. The Chapter 7 Trustee ("Trustee") requests turnover of $8,000 from the City of San Antonio ("SA") and $120,000 from Austin Independent School District ("AISD") based on work the debtor did for two projects: "Fire Station #8" for SA, and "Pearce Middle School Renovations and Additions - Phase II" for AISD. *See* Doc. # 67. Because no parties objected to the Trustee's turnover request directed at SA within the 20-day negative-notice period, the court will GRANT the Trustee's turnover request directed at SA. The Trustee shall prepare a form of order to that effect. The remainder of this opinion will deal with the turnover request directed at AISD.

Texas law requires general contractors working on public buildings to execute performance and payment bonds to protect governmental entities and subcontractors, respectively. TEX. GOV'T CODE ANN. § 2253.021(a) (Vernon 2000). First Indemnity of America Insurance Company ("First Indemnity"), as surety, issued the performance and payment bonds for the Pearce project. Under the terms of the debtor's contract with AISD, AISD made monthly progress payments to the debtor, but AISD kept 5% of each progress payment as retainage. *See* DOC. # 89, Exh. A, articles 8.1.2 and 8.1.2.1 ("AISD CONTRACT"); *and* TEX. GOV'T CODE ANN. § 2253.001(7) (Vernon 2000) (defining "retainage"). AISD was entitled under the AISD contract to withhold progress payments to the extent the debtor failed to pay subcontractors or suppliers. AISD CONTRACT, article 8.2.1.3. The debtor apparently failed to pay some subcontractors, at least one of whom has sued First Indemnity on its payment bond.

Several parties objected to the turnover request directed at AISD, including two subcontractors, ECI and A&R. *See* Docs. # 72 (First Indemnity); # 77 (AISD); # 86 (ECI, Inc.); and # 89 (A&R Demolition, Inc.). The parties dispute whether the retainage is property of the estate subject to turnover. First Indemnity, citing *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132 (1962), argues that to the extent it has to pay on the performance or payment bonds, the retainage is not property of the estate because it is subject to First Indemnity's right of equitable subrogation or reimbursement. The court agrees with First Indemnity because it finds persuasive *American States Ins. Co. v. United States*, – B.R. –, 2005 WL 873308 (N.D. Tex. Feb. 7, 2005).

*American States* held that *Pearlman* survives the enactment of the Bankruptcy Code, and that the surety has "an equitable ownership interest" to the extent it performs on the bonds. *Id*. at *4 and *6. Thus, First Indemnity is entitled to receive retainage funds to the extent it performs on its payment bonds.

-2-

*American States* dealt with the surety's performing on its performance bond, but its reasoning applies equally to payment bonds. *Pearlman* similarly made no distinction between performance and payment bonds in its analysis. The court finally notes that it also agrees with Judge King that the post-petition timing of a surety performing on its bonds does not preclude the surety from obtaining and exercising its right to equitable subrogation. *See* Adversary No. 03-5077-RBK, Doc. #25 (November 14, 2003 order granting the surety's motion to dismiss).

Accordingly, the Trustee's turnover request directed at AISD is DENIED. The court directs First Indemnity to prepare a form of order consistent with this opinion. AISD shall not be liable under federal or state law, to any entities or individuals who many claim an interest in the retainage, for turning the retainage funds over to First Indemnity in accordance with the order to be entered.

# # #